NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES E. GARLOCK, | No. 22-55467 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-03117-DMG-MAA |
| v. | |
| LOUIS DEJOY, Postmaster General, United States Postal Service, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted October 10, 2023**

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

James E. Garlock appeals pro se from the district court's summary judgment

in his action alleging federal employment discrimination claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo summary judgment, and

for an abuse of discretion the application of the doctrine of judicial estoppel.  *Ah*

---

          *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

          **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Quin v. County of Kaui Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013). We affirm.

The district court did not err in granting summary judgment on the basis of judicial estoppel where Garlock did not disclose his claims in his bankruptcy proceeding and did not reopen his bankruptcy proceeding to include his claims until after the district court's summary judgment order. *See id.* at 271-76 (explaining application of judicial estoppel in the bankruptcy context; where plaintiff-debtor reopens bankruptcy proceedings and corrects the initial filing error, the court will conduct inquiry into inadvertence or mistake; where plaintiff-debtor has not done so, "a narrow exception for good faith is consistent with . . . the policies animating the doctrine of judicial estoppel" and "it makes sense to apply a presumption of deliberate manipulation").

The district court did not abuse its discretion in denying Garlock's post-judgment motion because Garlock failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration); *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (explaining when evidence is considered "newly discovered" for purposes of a post-judgment motion for relief).

We do not consider arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Garlock's request that this court order DeJoy to supplement DeJoy's supplemental excerpts of record, set forth in the reply brief, is denied as unnecessary.

**AFFIRMED.**